



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:ML/ER
F. #2017R01392

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 14, 2019

By Hand Delivery and ECF

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Arcelia Hernandez-Velazquez
              Criminal Docket No. 19-306 (S-1) (WFK)

Dear Judge Orenstein:

      The defendant Arcelia Hernandez-Velazquez is scheduled to be arraigned on the above-captioned superseding indictment today, November 14, 2019 at 2:00 p.m. As described below, the defendant is charged with racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c), 1962(d) and 1963, sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c), alien smuggling conspiracy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), interstate prostitution conspiracy, in violation of 18 U.S.C. §§ 371 and 2422(a), money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and distribution of prostitution proceeds, in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(b)(1). For the reasons set forth below, the government submits that no combination of conditions can secure the defendant's appearance at trial and the safety of the community.

I.     Procedural and Factual Background

      On October 8, 2019, a grand jury returned a superseding indictment charging the defendant and others as members and associates of the Hernandez-Velazquez Trafficking Organization. As set forth in the indictment, since at least 2001, the Hernandez-Velazquez Trafficking Organization, a family organization based in Mexico, has used force, fraud and coercion to cause young women in Mexico to engage in prostitution in the United States. Members of the organization lured victims into romantic relationships through false promises of love and support. Victims were taken to the homes of members of the organization in Tenancingo, Mexico, where they were often not allowed to leave the home and not allowed

to contact their families. The victims were pressured to travel to the United States with promises of a better life with their trafficker. Once smuggled into the United States, members of the organization arranged to transport and did transport the young women to engage in prostitution at brothels and other locations in various states, including but not limited to Alabama, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, Mississippi, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, Tennessee and Virginia. In addition, the organization maintained a base in Queens, New York, where the defendant lived. The defendant assisted by, among other things, supervising the activities of victims and sending prostitution proceeds back to Mexico. Members of the organization used violence, including physical beatings and forced abortions, and threatened violence to the victims' families to force the victims to continue prostituting. Members of the organization took the prostitution proceeds from their victims, often searching the victims to make sure no money was hidden and punishing the victim if she attempted to hide any money. The prostitution proceeds were sent to members of the organization back in Mexico through wire transfers and shipments of cash.

As set forth in the indictment, the Hernandez-Velazquez Organization has been operating for more than eighteen years. The defendant played a significant role, maintaining a base in Queens, New York. Throughout almost the entire time alleged in the indictment, the defendant lived in an apartment located on 18th Street in Queens, New York. The apartment and other apartments located on the same floor within the same complex were utilized to house the traffickers and their victims, while they lived in and operated out of New York. In addition, the defendant assisted the traffickers in supervising and monitoring the victims, particularly when the trafficker was in Mexico. The defendant supervised victims' work in prostitution, including overseeing work out of state, collecting prostitution proceeds, accompanying victims to get condoms and other necessities and to send prostitution proceeds and sending proceeds herself to members of the organization. The defendant had multiple victims stay at her apartment while the victims worked. At least one victim described that, when she was living with the defendant, the defendant became angry if the victim was not working, telling the victim that prostitution was the reason that the victim had come to the United States. The defendant also sent money to members and associates of the organization in Mexico.

For her conduct, the defendant is charged with the following racketeering acts as part of Count One: alien smuggling conspiracy (Racketeering Act One), interstate prostitution of Jane Doe #1 (Racketeering Act Two), interstate prostitution of Jane Doe #2 (Racketeering Act Three), interstate prostitution of Jane Doe #4 (Racketeering Act Five), interstate prostitution of Jane Doe #5 (Racketeering Act Six) and money laundering conspiracy and distribution of prostitution proceeds (Racketeering Act Eight). In addition, the defendant is charged with racketeering conspiracy (Count Two), sex trafficking conspiracy (Count Three), alien smuggling conspiracy (Count Four), interstate prostitution conspiracy (Count Five), money laundering conspiracy (Count Eleven) and distribution of

prostitution proceeds (Count Twelve). The defendant was arrested today at her residence in Queens, New York.

II. The Court Should Enter a Permanent Order of Detention

    A. Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. 18 U.S.C. § 3142(e). While a finding of dangerousness must be supported by clear and convincing evidence, United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), risk of flight can be proven by a preponderance of the evidence, United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987). The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

The Bail Reform Act lists the following factors to be considered in the detention analysis: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

    B. Analysis

Each of the factors referenced above weighs heavily against pre-trial release. First, the charged offenses are serious. As set forth above, the defendant is charged in connection with her membership of the Hernandez-Velazquez Trafficking Organization, a violent organization that preyed on young women for more than eighteen years. The conduct of the organization was incredibly violent and transnational in scope. The defendant, who has been a member of the organization during the entire period alleged, is charged in connection with the interstate prostitution of four separate victims. The defendant was a hands-on member of the organization, who supervised the victims ensuring the victims' continued prostitution and making sure that those proceeds were turned over to the organization. There can be no dispute that the nature of the charged offenses is serious.

Second, the weight of the evidence is strong. As set forth in the superseding indictment, the defendant is charged in connection with Count One with six racketeering acts involving four separate victims. She is further charged in six additional counts, including a sex trafficking conspiracy. The government's evidence includes not only the testimony of multiple victims of the organization but also phone evidence, wire remitter records, border crossing records and arrest records, among other documents.

3

Third, the defendant's history and characteristics demonstrate that she is a danger to the community. Although the defendant does not have a criminal history, the investigation revealed that the defendant has taken steps to interfere with the investigation through the witnesses. Specifically, on July 3, 2019, officers recovered several letters sent to co-defendant Ernesto Hernandez-Velazquez ("Ernesto") in his jail cell at Otisville State Correctional Facility in Orange County, New York, where he is serving a five year custodial sentence in connection with a June 2016 conviction for Criminal Sexual Act in the First Degree of one of his trafficking victims. Among the letters recovered were multiple letters from the defendant to Ernesto in which she warned him, in substance and in part, "we are under investigation." In those letters, the defendant detailed information that she had learned from individuals who had been interviewed by law enforcement agents, including questions that the agents had asked those individuals about the Hernandez-Velazquez Trafficking Organization. She also listed code words that Ernesto could use when he called the defendant or other members of the Hernandez-Velazquez Trafficking Organization on the correctional facility's phones. In the letters, she describes communicating with members of the organization and victims through "messages" and phone calls, in which she is trying to obtain information from the individuals and monitor what is being said to law enforcement. In light of the defendant's prior communications with the witnesses, there is reason to believe that now that she is formally charged she poses a danger to the witnesses and victims that she continues to have a way of contacting.

Finally, the defendant poses a risk of flight. The defendant faces a possibility of life in prison and is thus highly motivated to flee the jurisdiction. Moreover, the defendant has strong ties to Mexico, where the Hernandez-Velazquez Organization is based, increasing her motivation to flee.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue a permanent order of detention.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Margaret Lee
Erin Reid
Assistant U.S. Attorney
(718) 254-6205/6361

cc: Douglas Morris (by email)